JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

APPENDIX H

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| | |
|---|---|
| **I. (a)   PLAINTIFFS**<br>David McKee & Judith McKee | **DEFENDANTS** Paul DeJuliis, Charles Wilson, Randall Gillespie, and Expanko Cork Co., Inc. |
| **(b)**   County of Residence of First Listed Plaintiff   Gallatin Co.<br>(EXCEPT IN U.S. PLAINTIFF CASES) | County of Residence of First Listed Defendant   Chester Co.<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |
| **(c)**   Attorney's (Firm Name, Address, and Telephone Number) Unruh Turner Burke & Frees, P.C. PO BOX 515 West Chester,PA 19381  (610)692-1371 | Attorneys (If Known) Halberstadt Curley, LLC 1100 E.Hector St.Ste425,Conshohocken, PA 19428  (610)834-8819 |

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1   U.S. Government
         Plaintiff

☐ 3   Federal Question
         (U.S. Government Not a Party)

☐ 2   U.S. Government
         Defendant

☒ 4   Diversity
         (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment<br>   & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted<br>   Student Loans<br>   (Excl. Veterans)<br>☐ 153 Recovery of Overpayment<br>   of Veteran's Benefits<br>☒ 160 Stockholders' Suits<br>☒ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product<br>   Liability<br>☐ 320 Assault, Libel &<br>   Slander<br>☐ 330 Federal Employers'<br>   Liability<br>☐ 340 Marine<br>☐ 345 Marine Product<br>   Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle<br>   Product Liability<br>☐ 360 Other Personal<br>   Injury | **PERSONAL INJURY**<br>☐ 362 Personal Injury -<br>   Med. Malpractice<br>☐ 365 Personal Injury -<br>   Product Liability<br>☐ 368 Asbestos Personal<br>   Injury Product<br>   Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal<br>   Property Damage<br>☐ 385 Property Damage<br>   Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure<br>   of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs.<br>☐ 660 Occupational<br>   Safety/Health<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal<br>   28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and<br>   Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/<br>   Exchange<br>☐ 875 Customer Challenge<br>   12 USC 3410<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | **SOCIAL SECURITY** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/<br>   Accommodations<br>☐ 444 Welfare<br>☐ 445 Amer. w/Disabilities -<br>   Employment<br>☐ 446 Amer. w/Disabilities -<br>   Other<br>☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate<br>   Sentence<br>**Habeas Corpus:**<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | ☐ 710 Fair Labor Standards<br>   Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt.Reporting<br>   & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc.<br>   Security Act | ☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff<br>   or Defendant)<br>☐ 871 IRS—Third Party<br>   26 USC 7609 | ☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information<br>   Act<br>☐ 900Appeal of Fee Determination<br>   Under Equal Access<br>   to Justice<br>☐ 950 Constitutionality of<br>   State Statutes |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1   Original
         Proceeding

☒ 2   Removed from
         State Court

☐ 3   Remanded from
         Appellate Court

☐ 4   Reinstated or
         Reopened

☐ 5   Transferred from
         another district
         (specify)

☐ 6   Multidistrict
         Litigation

☐ 7   Appeal to District
         Judge from
         Magistrate
         Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**): 28 USC 1441(a)

Brief description of cause:   Non-payment for breach of non-compete agreement

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 300,000

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE

DOCKET NUMBER

DATE
February 12, 2008

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

APPENDIX I

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| David McKee and Judith McKee | : | CIVIL ACTION |
| v. | : | |
| Paul DeJuliis, Charles Wilson, | : | |
| Randall Gillespie, Expanko Cork | : | NO. |
| Company, Inc. | | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits                        ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                 ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.        (X)

| | | |
|---|---|---|
| 2/12/2008 | Scott M. Rothman | Defendant |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (610)834-8819 | (610)834-8813 | srothman@halcur.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

## UNITED STATES DISTRICT COURT

APPENDIX F

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff: 1660 Moose Point Rd., Bozeman, MT 59715

Address of Defendant: 1129 Dorset Dr. West Chester, PA 19382

Place of Accident, Incident or Transaction: Commonwealth of Pennsylvania
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))___   Yes☐   No☒

Does this case involve multidistrict litigation possibilities?   Yes☐   No☒

*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes☐   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes☐   No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?   Yes☐   No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
   (Please specify)

B. *Diversity Jurisdiction Cases:*

1. ☒ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

## ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I, Scott M. Rothman , counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 2/12/2008        Attorney-at-Law        201478
                                               Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 2/12/2008        Attorney-at-Law        201478
                                               Attorney I.D.#

CIV. 609 (4/03)

*Designation Form Cont'd:*

<u>Defendants</u>

Charles Wilson
111 Misty Lane
Reading, PA 19606

Randall Gillespie
1201 NE Queens Lane
Hillsboro, OR 97124

Expanko Cork Company, Inc.
1129 West Lincoln Highway
Coatesville, PA 19320

## UNITED STATES DISTRICT COURT

**APPENDIX F**

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 1660 Moose Point Rd., Bozeman, MT 59715

Address of Defendant: 1129 Dorset Dr. West Chester, PA 19382

Place of Accident, Incident or Transaction: Commonwealth of Pennsylvania
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))___     Yes ☐   No ☒

Does this case involve multidistrict litigation possibilities?     Yes ☐   No ☒

*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes ☐   No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes ☐   No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes ☐   No ☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. *Diversity Jurisdiction Cases:*

1. ☒ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

## ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I, Scott M. Rothman _____, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 2/12/2008 _____   _____   201478
                                    Attorney-at-Law              Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 2/12/2008 _____   _____   201478
                                    Attorney-at-Law              Attorney I.D.#

CIV. 609 (4/03)

*Designation Form Cont'd:*

<u>Defendants</u>

Charles Wilson
111 Misty Lane
Reading, PA 19606

Randall Gillespie
1201 NE Queens Lane
Hillsboro, OR 97124

Expanko Cork Company, Inc.
1129 West Lincoln Highway
Coatesville, PA 19320

**HALBERSTADT CURLEY, LLC**
By: Charles V. Curley / Scott M. Rothman
Attorney I.D. Nos. 60486 / 201478
1100 E. Hector Street, Suite 425
Conshohocken, PA 19428
610 834 8819
610 834 8813 (fax)
Attorneys for Defendants

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DAVID McKEE and JUDITH McKEE <br><br>                 Plaintiffs, <br><br>     v. <br><br> PAUL DeJULIIS, CHARLES WILSON, RANDALL GILLESPIE, and EXPANKO CORK COMPANY, INC. <br><br>                 Defendants. | Civil Action No. |

**NOTICE OF REMOVAL**

To:    David McKee and Judith McKee
       c/o Nancy J. Glidden, Esquire
       Unruh, Turner, Burke & Frees, P.C.
       P.O. Box 515
       West Chester, PA 19381-0515

**PLEASE TAKE NOTICE THAT** Defendants Paul DeJuliis, Charles Wilson,

Randall Gillespie, and Expanko Cork Company, Inc. (collectively "Defendants") hereby

remove this action from the Court of Common Pleas of Chester County, Pennsylvania, to

the United States District Court for the Eastern District of Pennsylvania, pursuant to 28

U.S.C. §§ 1441(a) and 1446.  In support of this Notice of Removal, Defendants state the

following:

1.      On January 24, 2008, plaintiffs David McKee and Judith McKee ("Plaintiffs") filed a Complaint against the above-captioned Defendants in the Court of Common Pleas of Chester County, Pennsylvania, titled *David McKee, et al. v. Paul DeJuliis, et al.*, and docketed at Case No. 08-00877 (the "Complaint"). A true and correct copy of the Complaint is attached hereto as Exhibit "A."

2.      The Complaint indicates on its face that there is diversity of citizenship between the opposing parties. As stated therein, Plaintiffs are citizens of the state of Montana. Defendant Randall Gillespie is a citizen of Oregon, while the remaining Defendants are citizens of Pennsylvania. There is, therefore, complete diversity of citizenship among the opposing parties.

3.      As set forth in the Complaint, in connection with a stock purchase agreement, Defendant Expanko Cork Company, Inc. ("Expanko") agreed to pay the Plaintiffs a total of $300,000.00 in exchange for a non-compete covenant.

4.      Expanko has withheld payment because it has determined that the Plaintiffs have breached the terms of the non-compete covenant.

5.      Plaintiffs dispute that they have breached the covenant.

6.      At issue, therefore, is whether Expanko is (a) entitled to recover the portions of the $300,000.00 payment already tendered to Plaintiffs and (b) cease all further payments.

7.      Accordingly, it is clear that the amount in controversy exceeds $75,000, and that this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332.

8.      The action is therefore properly removed under 28 U.S.C. § 1441(a).

9.      In accordance with 28 U.S.C. § 1446, this Notice of Removal is being filed within 30 days after service of the Complaint.

10.     Written notice of the filing of this Notice of Removal is being served on this date on Plaintiff's counsel pursuant to 28 U.S.C. § 1446(d).

11.     Defendants will promptly file a true and correct copy of the Notice of Removal with the Prothonotary of the Court of Common Pleas of Chester County, Pennsylvania.

WHEREFORE, the above Defendants hereby remove the action now pending in the Court of Common Pleas of Chester County, Pennsylvania, Case No. 08-00877, titled *David McKee, et al. v. Paul DeJuliis, et al.*, to the United States District Court for the Eastern District of Pennsylvania.

HALBERSTADT CURLEY, LLC

By: _____

Charles V. Curley
Scott M. Rothman
Attorney I.D. Nos. 60486 / 201478
1100 E. Hector Street, Suite 425
Conshohocken, PA 19428
610 834 8819 (phone)
610 834 8813 (fax)
ccurley@halcur.com
srothman@halcur.com
*Attorneys for Defendants*

Date: 2/12/08

# CHESTER COUNTY COURT OF COMMON PLEAS
## CIVIL COVER SHEET

08 - 00877

**1. CASE CAPTION:**          **IA. CASE NO.:**

David McKee and Judith McKee
vs.
Paul DeJuliis, Charles Wilson, Randall Gillespie and
Expanko Cork Company, Inc.

```
┌─────────────────────────────┐
│ Do not staple or attach on this side │
│                             │
│        FILED                │
│                             │
│  08 JAN 24  PH 3: 52        │
│                             │
│     OFFICE OF THE           │
│     PROTHONOTARY            │
│     CHESTER CO., PA.        │
└─────────────────────────────┘
```

**2. PLAINTIFF(s): (Name, address)**

David and Judith McKee
1660 Moose Point Road
Boseman, MT 59715

**3. PLAINTIFF'S or (circle one)
DEFENDANT'S COUNSEL: (FILING ATTORNEY)**
(Name, firm, address, telephone and attorney ID#)

Donald C. Turner, Esquire/Nancy J. Glidden, Esquire
Attorney I.D. Nos. 39003/78961
Unruh, Turner, Burke & Frees, P.C.
P.O. Box 515
West Chester, PA 19381-0515
610-692-1371

**4. DEFENDANT(s): (Name, address)**

Paul DeJuliis
1129 Dorset Drive
West Chester, PA 19382

(continued on next page)

**5. ARE THERE, ANY RELATED CASES?**
(see C.C.R.C.P. 200B )

☐ Yes    ☒ No

IF YES, SHOW CASE NOS. AND CAPTIONS:

**6. IF THIS IS AN APPEAL FROM A DISTRICT JUSTICE JUDGMENT, WAS APPELLANT** ☐ **PLAINTIFF OR**
☐ **DEFENDANT IN THE ORIGINAL ACTION?**

**7. CASE CODE:** 82 ____ **DESCRIPTION: (see reverse side)** Breach of Contract

**8. IS THIS AN ARBITRATION CASE?** ☐ Yes  ☒ No        _____ JURY TRIAL DEMANDED
(Arbitration Limit is $50,000. See C.C.R.C.P. 1301. 1)

---

**ARBITRATION CASES ONLY**

An Arbitration hearing in this matter is scheduled for ____ at ____ in the Jury Lounge, Chester County Court House, West Chester, PA. The parties and their counsel are directed to report to the Juror's Lounge for an arbitration hearing in this matter on the date and time set forth above.

This matter will be heard by a Board of Arbitrators at the time, date and place specified but, if one or more of the parties is not present at the hearing, the matter may be heard at the same time and date before a judge of the court without the absent party or parties. There is no right to a trial *de novo* on appeal from a decision entered by a judge.

**NOTICE OF TRIAL LISTING DATE**

Pursuant to C.C.R.C.P. 249.3, if this case is not subject to compulsory arbitration it will be presumed ready for trial twelve (12) months from the date of the initiation of the suit and **will be placed on the trial list one (1) year from the date the suit was filed** unless otherwise ordered by the Court.

To obtain relief from automatic trial listing a party must proceed pursuant to C.C.R.C.P. 249.3(b), request an administrative conference and obtain a court order deferring the placement of the case on the trial list until a later date.

---

FILE WITH: Prothonotary of Chester County, 2 ____ O. Box 2748, West Chester, PA 19380-0991

**EXHIBIT
A**
tabbies

THIS COVER SHEET IS REQUIRED B ____ BE SERVED UPON ALL OTHER
PARTIES TO THE ACTION IMMEDIAT ____ ENOUGH COPIES FOR SERVICE

SEE REVERSE SIDE FOR CASE COD ____ ACH PRIOR TO FILLING OUT)

PROTHONOTARY FORM #146.2 REV. 9/2004

Civil Cover Sheet continued...

Charles Wilson
201 Candalwod Lane
Exton, PA 19341

Randall Gillespie
1124 New Yamhill Street
McMinnville, OR 97128

Expanko Cork Company, Inc.
1129 West Lincoln Highway
Coatesville, PA 19320

**UNRUH, TURNER, BURKE & FREES, P.C.**     :     Attorneys for Defendants
By: Donald C. Turner/Nancy J. Glidden
Atty. Nos. 39006/78961
17 West Gay Street
P.O. Box 515
West Chester, PA 19381-0515
(610) 692-1371

---

David McKee,                                           :     In the Court of Common Pleas
1660 Moose Point Road                                  :
Bozeman, MT 59715                                      :     Chester County, Pennsylvania
        and                                            :
Judith McKee                                           :
1660 Moose Point Road                                  :
Bozeman, MT 59715                                      :
                    Plaintiffs,                        :     Civil Action – Law
                                                       :
        v.                                             :
                                                       :     No. _____
Paul DeJuliis                                          :
1129 Dorset Drive                                      :
West Chester, PA 19352                                 :
        and                                            :
Charles Wilson                                         :
111 Misty Lane                                         :
Reading, PA 19606                                      :
        and                                            :
Randall Gillespie                                      :
1201 NE Queens Lane                                    :
Hillsboro, Oregon 97124                                :
        and                                            :
Expanko Cork Company, Inc.                             :
1129 West Lincoln Highway                              :
Coatesville, PA 19320                                  :
                    Defendants.                        :

---

## NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court

without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff.  You may lose money or property or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.**

**IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.**

**LAWYER REFERENCE AND INFORMATION SERVICE**
**Chester County Bar Association**
**15 West Gay Street, 2nd Floor**
**West Chester, PA 19380**
**(610) 429-1500**

**UNRUH, TURNER, BURKE & FREES, P.C.**　　:　　Attorneys for Defendants
By: Donald C. Turner/Nancy J. Glidden
Atty. Nos. 39006/78961
17 West Gay Street
P.O. Box 515
West Chester, PA 19381-0515
(610) 692-1371

---

| | |
|---|---|
| David McKee, | : In the Court of Common Pleas |
| 1660 Moose Point Road | : |
| Bozeman, MT  59715 | : Chester County, Pennsylvania |
| and | : |
| Judith McKee | : |
| 1660 Moose Point Road | : |
| Bozeman, MT  59715 | : |
| Plaintiffs, | : Civil Action – Law |
| | : |
| v. | : |
| | : No. _____ |
| Paul DeJuliis | : |
| 1129 Dorset Drive | : |
| West Chester, PA  19352 | : |
| and | : |
| Charles Wilson | : |
| 111 Misty Lane | : |
| Reading, PA  19606 | : |
| and | : |
| Randall Gillespie | : |
| 1201 NE Queens Lane | : |
| Hillsboro, Oregon 97124 | : |
| and | : |
| Expanko Cork Company, Inc. | : |
| 1129 West Lincoln Highway | : |
| Coatesville, PA  19320 | : |
| Defendants. | : |

---

## COMPLAINT/CIVIL ACTION

Plaintiff David McKee asserts causes of action against the Defendants, Paul DeJuliis ("DeJuliis"), Charles Wilson ("Wilson"), Randall Gillespie ("Gillespie"), and Expanko Cork Company, Inc. ("Expanko"), as follows:

## Parties

1.      Plaintiff, David McKee is an adult citizen of the State of Montana with a residence located at 1660 Moose Point Road in Bozeman, Montana.   He was formerly the majority shareholder of Expanko.

2.      Plaintiff, Judith McKee is an adult citizen of the State of Montana with a residence located at 1660 Moose Point Road in Bozeman, Montana.

3.      Defendant, Paul DeJuliis, is an adult citizen of the Commonwealth of Pennsylvania and resides therein at 1129 Dorset Drive, West Chester, Chester County, PA  19382.  DeJuliis is presently a stockholder in Expanko and serves as Expanko's Chief Executive Officer.

4.      Defendant, Charles Wilson, is an adult citizen of the Commonwealth of Pennsylvania and resides therein at 111 Misty Lane, Reading, Berks County PA  19606. Wilson is a stockholder in Expanko and serves as the company's Chief Financial Officer.

5.      Defendant, Randall Gillespie, is an adult who, upon information and belief, is a citizen of the State of Oregon with a residence located therein at 1201 NE Queens Lane, Hillsboro, Oregon 97124.  Gillespie is a stockholder in Expanko and serves as the company's Marketing Director.

6.      Defendant, Expanko Cork Company, Inc. is a Pennsylvania corporation with a principal place of business therein at 1129 West Lincoln Highway in Coatesville, Pennsylvania.

## Jurisdiction and Venue

7.      The jurisdiction of the Courts of Common Pleas of the Commonwealth of Pennsylvania is proper because the acts and omissions complained of occurred within the Commonwealth of Pennsylvania.

8.      Venue is proper in the Court of Common Pleas of Chester County because the acts and omissions complained of occurred within Chester County, PA.

9.      The Courts of Common Pleas of the Commonwealth of Pennsylvania and the Courts of Chester County may exercise personal jurisdiction over Wilson and Gillespie because they entered Chester County, Pennsylvania for the purpose of doing business and executing and breaching contracts there.

## Material Facts

10.     Prior to August 22, 2007, David McKee, Judith McKee and Albert A. Ciardi III, were the sole shareholders of Expanko.

11.     Prior to August 22, 2007, DeJuliis, Wilson and Gillespie were employed by Expanko.

12.     On July 16, 2007, DeJuliis, Wilson and Gillespie (sometimes collectively referred to as "Buyers") entered into a Stock Purchase Agreement with David McKee, Judith McKee and Albert A. Ciardi III ( sometimes collectively referred to as "Sellers") pursuant to which the Buyers were to purchase Expanko from the Sellers.  A copy of the Stock Purchase Agreement is attached as Exhibit A.

13.     The closing occurred on August 22, 2007, at which time the Buyers became the sole shareholders and owners of Expanko.

14.    The Stock Purchase Agreement included the following provision:

> 7.    Covenant Not to Compete.    [David McKee and Judith McKee] covenant and warrant that they will not compete (as hereinafter defined) with [Expanko] on a global basis for a period of three (3) years (the "Term") from the Closing Date.  In return, the [DeJuliis, Wilson and Gillespie] will cause [Expanko] to pay to the [David McKee and Judith McKee] the sum of One Hundred Thousand Dollars ($100,000) annually for a period of three (3) years from the Closing Date.  Said amount shall be payable in equal monthly installments of Eight Thousand Three Hundred Thirty-Three ($8,333) each commencing one month after the Closing Date.
>
> * * *
>
> 8.    Judith McKee's Health Insurance.    Buyers will cause [Expanko] to continue to pay Judith McKee's health insurance during the Term of the non-compete set forth in paragraph 7 above.

Stock Purchase Agreement, Exhibit A hereto at 2-3, paras. 7-8.  (These provisions of the Stock Purchase Agreement are hereinafter referred to as the "Noncompetition Covenant.")

15.    Expanko was a party to the Stock Purchase Agreement for purposes of accepting and binding itself to the provisions of the Noncompetition Covenent.  *See,* Exhibit A hereto at 12 (where Expanko executed the Stock Purchase Agreement "[f]or purposes of accepting the provisions of Paragraphs 7, 8, 9, 11, 12, 14, 16, 18, 20 and 21.")

16.    Thus, In exchange for David McKee and Judith McKee's adherence to the Noncompetition Covenant, Expanko is required to: 1) make monthly payments of $ 8,333 to the David McKee and Judith McKee through and including September 2010, and; 2) pay Judith McKee's health insurance premiums through and including September 2010.

4

17.     Thus, In exchange for David McKee and Judith McKee's adherence to the Noncompetition Covenant, DeJuliis, Wilson and Gillespie are required to: 1) cause Expanko to make monthly payments of $ 8,333 to the David McKee and Judith McKee through and including September 2010, and; 2) pay Judith McKee's health insurance premiums through and including September 2010.

18.     David McKee and Judith McKee have at all times complied with their obligations under the Stock Purchase Agreement and continue to comply with their obligations under the Stock Purchase Agreement.

19.     David McKee and Judith McKee received payments pursuant to the Noncompetition Covenant of $8,333.00 for the months of September, October and November, 2007.

20.     Expanko did not make any such payment to David McKee and Judith McKee for the month of December 2007.

21.     DeJuliis, Wilson and Gillespie did not cause Expanko to make any such payment for the month of December 2007.

22.     By letter dated December 17, 2007, DeJuliis advised David McKee that Expanko: 1) would not pay the December 2007 Covenant Payment; 2) would not make any further Noncompetition Covenant payments, and; 3) intended to seek recovery for $25,000.00 in Covenant Payments already made.  A copy of the December 17, 2007 Letter ("DeJuliis Letter") is attached as Exhibit B.

23.     The DeJuliis Letter further stated that Expanko would discontinue health insurance coverage for Judith McKee, unless David McKee paid $655.07 per month for

the coverage going forward and remitted $2,677.80 that Expanko had paid for coverage for the prior four months. *See*, Exhibit B hereto at 2-3.

24.     In order to avoid having Judith McKee's health insurance lapse, on December 27, 2007, David McKee wire transferred $3,337.87 to Expanko's account, the receipt of which Wilson acknowledged.

25.     David McKee also forwarded the $660.07 for February coverage and, out of necessity, will continue to do so going forward in order to avoid a lapse in Judith McKee's health insurance coverage.

26.     Expanko's refusal to make payments to and for David McKee and Judith McKee pursuant to the Noncompetition Covenant is a material breach of Expanko's obligations under the Stock Purchase Agreement.

27.     DeJuliis', Wilson's and Gillespie's failures to cause Expanko to make payments to and for David McKee and Judith McKee pursuant to the Noncompetition Covenant is a material breach of their obligations under the Stock Purchase Agreement.

<u>COUNT I</u>

<u>BREACH OF CONTRACT</u>
**[David McKee and Judith McKee v. DeJuliis]**

28.     David McKee and Judith McKee incorporate the allegations and averments of the preceding paragraphs as though set forth at length.

29.     DeJuliis personally and as a Buyer agreed to cause Expanko to pay the Noncompetition Covenant Payments to David McKee and Judith McKee. *See*, Stock Purchase Agreement, Exhibit A hereto, at para. 7.

30.     Similarly, DeJuliis personally and as a Buyer agreed to cause Expanko to continue to pay for Judith McKee's health insurance during the term of the Noncompetition Covenant. *See*, Stock Purchase Agreement, Exhibit A hereto, at para. 8.

31.     DeJuliis failed to cause Expanko to make the Noncompetition Covenant Payments and to pay for Judith McKee's health insurance.

32.     Dejuliis's failure to cause Expanko to make these payments is a material breach of the Stock Purchase Agreement.

33.     As a result of DeJuliis' breach of these contractual obligations, David McKee and Judith McKee have, to date, sustained damages in the amount of $20,653.94. These damages will continue to accrue going forward at the rate of $8,993.70 per month.

WHEREFORE, Plaintiffs, David McKee and Judith McKee request entry of judgment in their favor and against the Defendant, Paul DeJuliis in an amount in excess of $50,000, and for such other relief as the Court may deem just and proper.

## COUNT II

### BREACH OF CONTRACT
### [David McKee and Judith McKee v. Wilson]

34.     David McKee and Judith McKee incorporate the allegations and averments of the preceding paragraphs as though set forth at length.

35.     Wilson personally and as a Buyer agreed to cause Expanko to pay the Noncompetition Covenant Payments to McKee. *See*, Stock Purchase Agreement, Exhibit A hereto, at para. 7.

36.     Similarly, Wilson personally and as a Buyer agreed to cause Expanko to continue to pay for Judith McKee's health insurance during the term of the Noncompetition Covenant. *See*, Stock Purchase Agreement, Exhibit A hereto, at para. 8.

37.     Wilson failed to cause Expanko to make the Noncompetition Covenant Payments and to pay for Judith McKee's health insurance.

38.     Wilson's failure to cause Expanko to make these payments is a material breach of the Stock Purchase Agreement.

39.     As a result of Wilson's breach of these contractual obligations, David McKee and Judith McKee have, to date, sustained damages in the amount of $20,653.94. These damages will continue to accrue going forward at the rate of $8,993.70 per month.

WHEREFORE, Plaintiffs, David McKee and Judith McKee request entry of judgment in their favor and against the Defendant, Charles Wilson in an amount in excess of $50,000, and for such other relief as the Court may deem just and proper.

## COUNT III

### BREACH OF CONTRACT
### [David McKee and Judith McKee v. Gillespie]

40.     David McKee and Judith McKee incorporate the allegations and averments of the preceding paragraphs as though set forth at length.

41.     Gillespie personally and as a Buyer agreed to cause Expanko to pay the N Noncompetition Covenant Payments to McKee. *See*, Stock Purchase Agreement, Exhibit A hereto, at para. 7.

42.     Similarly, Gillespie personally and as a Buyer agreed to cause Expanko to continue to pay for Judith McKee's health insurance during the term of the Noncompetition Covenant. *See*, Stock Purchase Agreement, Exhibit A hereto, at para. 8.

43.     Gillespie failed to cause Expanko to make the Noncompetition Covenant Payments and to pay for Judith McKee's health insurance.

44.     Gillespie's failure to cause Expanko to make these payments is a material breach of the Stock Purchase Agreement.

45.     As a result of Gillespie's breach of these contractual obligations, David McKee and Judith McKee have, to date, sustained damages in the amount of $20,653.94. These damages will continue to accrue going forward at the rate of $8,993.70 per month.

WHEREFORE, Plaintiffs, David McKee and Judith McKee request entry of judgment in their favor and against the Defendant, Randall Gillespie in an amount in excess of $50,000, and for such other relief as the Court may deem just and proper.

### COUNT IV

### BREACH OF CONTRACT
### [David McKee and Judith McKee v. Expanko]

46.     David McKee and Judith McKee incorporate the allegations and averments of the preceding paragraphs as though set forth at length.

47.     Expanko was a party to the Stock Purchase Agreement for purposes of accepting and binding itself to the provisions of the Noncompetition Covenent. *See,* Exhibit A hereto at 12 (where Expanko executed the Stock Purchase Agreement "[f]or purposes of accepting the provisions of Paragraphs 7,8,9, 11,12, 14, 16, 18, 20 and 21.")

48.     Expanko has failed to and refuses to make payments to and for David McKee and Judith McKee pursuant to the Noncompetition Covenant included in the Stock Purchase Agreement.

49.     Expanko's refusal to make payments to and for David McKee and Judith McKee pursuant to the Noncompetition Covenant is a material breach of Expanko's obligations under the Stock Purchase Agreement.

50.     As a result of Expanko's breach of these contractual obligations, David McKee and Judith McKee have, to date, sustained damages in the amount of $20,653.94. These damages will continue to accrue going forward at the rate of $8,993.70 per month.

WHEREFORE, Plaintiffs, David McKee and Judith McKee request entry of judgment in their favor and against the Defendant, Randall Gillespie in an amount in excess of $50,000, and for such other relief as the Court may deem just and proper.

UNRUH, TURNER, BURKE & FREES

BY: _____

Donald C. Turner
Nancy J. Glidden
Attorneys for Plaintiffs,
David McKee and Judith McKee

# EXHIBIT "A"

## Stock Purchase Agreement

This Stock Purchase Agreement (this "Agreement") made as of this ___16th___ day of July, 2007 is by and between Paul DeJulius, Charles Wilson and Randall Gillespie (collectively, "Buyers") and David McKee and Judith McKee (the "McKees") and Albert A. Ciardi, III ("Ciardi") (the McKees and Ciardi collectively, "Sellers").

## Background

WHEREAS, the Buyers and the McKees, along with Robert McKee ("Robert") and Expanko Cork Company, Inc. ("Expanko" or the "Company") are parties to a certain Settlement and Separation Agreement dated January 24, 2007 ("Settlement Agreement") (the Buyers and Sellers, collectively the "Parties" or individually a "Party"); and

WHEREAS, Expanko is in the business of selling architectural products used as floor tiles, wall coverings and ceiling tiles through agents and distributors in the Untied States and abroad. It buys the products it sells from a variety of sources both in the United States and abroad. The Company emerged from bankruptcy proceedings in May, 2006 and still has obligations to creditors under its plan of reorganization, one of which creditors is David McKee; and

WHEREAS, the Settlement Agreement provided, among other items, that the Buyers would cause the Company to make certain payments to the McKees and enter into a requirements contract with a new company to be formed by Robert for the purchase of a product line of cork rubber flooring, known as XCR4 (the "XCR4 Product Line"), as well as any other flooring material made of cork and rubber, and for the Buyers to purchase the stock of the Company owned by the McKees over a period of time; and

WHEREAS, the Parties wish to amend the provisions of the Settlement Agreement by providing for the immediate payment of the obligations owed to David McKee by the Company and for the purchase of the McKees' stock as well as the stock owned by Ciardi.

## Agreement

Now therefore in consideration of the mutual promises herein contained, and intending to be legally bound hereby, the Parties hereto agree as follows:

1. Acquisition of Stock. At the Closing (as hereinafter defined), the Buyers will acquire all of the issued and outstanding common stock of the Company ("Stock")

EXECUTION COPY

from the Sellers. The Stock owned by the Sellers is as set forth on Schedule 1 attached hereto.

2. <u>Purchase Price.</u> The purchase price ("Purchase Price") to be paid for the McKees Stock shall be Three Hundred Thousand Dollars ($300,000). The purchase price for the Ciardi stock shall be Seventeen Thousand Five Hundred Dollars ($17,500). The Purchase Price shall be paid at Closing by wire transfer in cash.

3. <u>Outstanding Stock.</u> Sellers represent and warrant that (i) the Stock listed on Schedule 1 represents all of the issued and outstanding stock of all classes of the Company and (ii) they own all of such Stock. At Closing, certificates representing all of the Stock shall be endorsed in blank and delivered to Buyers.

4. <u>Corporate Records.</u> At Closing, Sellers shall turn over and deliver to Buyers all the books and records of the Company in their possession, including the stock book, minute book and seal.

5. <u>Note to David McKee.</u> At Closing, the Buyers shall cause the Company to prepay the Company's outstanding note (the "<u>Note</u>") to David McKee in full plus accrued interest. As of the Closing Date, the Note will have a principal balance of $572,564.42. Pending Closing the Buyers will cause Expanko to make the required monthly payments on the Note to David McKee.

6. <u>Closing.</u> Closing under this Agreement shall take place on August 22, 2007 (the "<u>Closing Date</u>") or on such earlier date as the Parties may agree. Closing shall be held in the offices of McCarter & English, Suite 700, 1735 Market Street, Philadelphia, PA 19103 at 10:30 A.M.

7. <u>Covenant Not To Compete.</u> The McKees covenant and warrant that they will not compete (as hereinafter defined) with the Company on a global basis for a period of three (3) years (the "<u>Term</u>") from the Closing Date. In return, the Buyers will cause the Company to pay to the McKees the sum of One Hundred Thousand Dollars ($100,000) annually for a period of three (3) years from the Closing Date. Said amount shall be payable in equal monthly installments of Eight Thousand Three Hundred Thirty-Three Dollars ($8,333) each, commencing one month after the Closing Date. "Not Compete" shall mean that the McKees covenant and agree that during the Term, they shall not, directly or indirectly, for themselves, individually or collectively, or on behalf of any other person, firm, corporation or other entity, whether as principal, agent, employee, stockholder, partner, officer, member, director, sole proprietor, or otherwise, finance or provide financing for, engage in, participate in or assist in any business whose activities are competitive with the activities of the Company anywhere in the world. Further the McKees covenant and agree that during the Term, they shall not, directly or indirectly, for themselves, individually or collectively, or on behalf of any other person, firm, corporation or other entity, whether as principal, agent, employee, stockholder, partner, officer, member, director, sole proprietor, or otherwise:

    (i)     Solicit the trade of or trade with, or otherwise do business with or interfere with the Company's relations with, any customer or prospective customer or strategic business partner of the Company;

    (ii)    Solicit or induce, or attempt to solicit or induce, any employee of the Company to leave the Company for any reason whatsoever or hire any employee of the Company;

    (iii)   Make any disparaging remarks about the Company's business, products, services or personnel; or

    (iv)   Take any action that might divert from the Company any business or opportunity that would be within the scope of any present or contemplated future business of the Company.

8.   <u>Judith McKee's Health Insurance.</u> Buyers will cause the Company to continue to pay Judith McKee's health insurance during the Term of the non-compete set forth in Paragraph 7 above.

9.   <u>XRC4 Product Line.</u>  The Parties agree that Paragraph 9 of the Settlement Agreement was amended by paragraph 7 of the Letter of Intent dated June 22, 2007 and executed by the Parties, Robert McKee and RBG, LLC (the "Letter of Intent"). The Company, Robert McKee and RB & G Products, LLC (also known as RBG, LLC) are executing this Agreement for the purpose of acknowledging the provisions contained in this paragraph 9 and agreeing that provisions of Paragraph 9 of the Settlement Agreement not amended by Paragraph 7 of the Letter of Intent shall be rendered null and void and of no further effect Robert McKee, for himself and RB & G Products, LLC (also known as RBG, LLC), is executing this Agreement for the purpose of acknowledging that neither he nor RB & G Products, LLC (also known as RBG, LLC) have any rights in the name "XRC4" and that such rights are with Expanko.

10.  <u>Brokers.</u> The Parties represent and warrant that neither has retained any broker or finder with respect to this transaction.

11.  <u>Releases.</u> The McKees and Ciardi on the one part and Expanko and the Buyers on the other part, hereby mutually release each other from any and all liability and claims with respect to all matters, including under the Settlement Agreement, which occurred or accrued prior to the date of this Agreement (and which shall also cover all liability and claims occurring or accruing from the date of this Agreement and through Closing), except for their respective obligations set forth herein to occur in the future. With respect to any claims that exist as of the date hereof between Expanko and Robert McKee and RB & G Products, LLC (also known as RBG, LLC) for out of specification XCR4 Product (as defined in that

- 3 -

certain Manufacturing and Supply Agreement dated December 19, 2006 by and between Delta Rubber Products Private Limited ("Delta") and Expanko, which agreement was assigned to RB & G Products, LLC pursuant to the terms of Paragraph 9 of the Settlement Agreement), Robert McKee and RB & G Products, LLC agree to replace all of such out of specification XCR4 Product at no cost to Expanko, provided that (i) such out of specification XCR4 Product was manufactured by Delta after February 1, 2007 and (ii) Expanko and Robert McKee and RB & G Products, LLC agree on the extent of the out of specification XCR4 Product by no later than 5 p.m. EDT on July 25, 2007. Robert McKee and RB & G Products, LLC (also known as RBG, LLC) on the one part and Expanko and the Buyers on the other part, hereby mutually release each other from any and all liability and claims with respect to all matters to the date hereof, including under the Settlement Agreement, except for their respective obligations set forth herein to occur in the future..

12. Settlement Agreement. The provisions of Paragraphs 2, 3, 4, 5, 6, 8, 9, 13, 17, and 18 of the Settlement Agreement shall become null and void upon Closing. The McKees acknowledge that the provisions of Paragraphs 1, 2, 3, 7, 11, 12, 15 and 18 of the Settlement Agreement have been fulfilled by the McKees, the Company and/or the Buyers, as required. Pending Closing Buyers will require Expanko to abide by the terms and conditions of the Settlement Agreement, including its obligations thereunder. The Company, Robert McKee and RB & G Products, LLC (also known as RBG, LLC) are executing this Agreement for the purpose of acknowledging the provisions contained in this paragraph 12.

13. "As Is" Condition of the Company. Buyers acknowledge that they are aware of the financial and business affairs of the Company and by buying the Stock that they are buying the Company "as is". Sellers warrant that, to the best of their knowledge, they have informed the Buyers of all significant contracts to which the Company is a party as of January 24, 2007. Attached as Exhibit A, which by reference thereto is made a part hereof, contains a complete list of significant contracts to which the Sellers have knowledge.

14. Fees and Expenses. The legal fees, accounting fees, and any and all other costs and expenses incurred by the Sellers prior to Closing in connection with the transactions contemplated hereby will be paid by Sellers as of Closing and will not be charged to the Company. The Company shall remain liable for the current outstanding payable in the amount of approximately $55,000 to Ciardi & Ciardi P.C. and shall pay Ciardi & Ciardi P.C. for the completion of its work for the Company in connection with its bankruptcy proceedings. The Company acknowledges and agrees that it will remain liable for all post petition fees charged by and owed to MacElree Harvey, Ltd. The Company acknowledges and agrees that any pre-petition fess owed to MacElree Harvey, Ltd. will be paid as directed by the Court. Buyers will pay all fees, costs and any and all expenses incurred by them..

15. Publicity.  The terms of this Agreement are confidential, and Sellers, Robert or Buyers shall not release or disclose any material or information contained herein either prior to or after the Closing.  However, the Parties may disclose this Agreement to their professional advisors and financing sources who are in a confidential relationship with them.  Prior to Closing no press release or other public disclosure shall be made by any Party without submitting a copy to the other Party for review and comment. After Closing Buyers may issue a press release stating that they have acquired all the Stock of Company but shall not disclose any financial information with respect to this Agreement.

16. Governing Law; Jurisdiction; Venue.  This Agreement shall be deemed by the parties to have been entered into, and shall be governed by, construed in accordance with, and interpreted and enforced pursuant to, the laws of the Commonwealth of Pennsylvania solely, except to the extent, if any, that federal law governs and supersedes Pennsylvania law and without regard to conflict of law principles.  The Parties agree that no Party shall bring any action, claim or suit in any jurisdiction other than the Commonwealth of Pennsylvania with respect to any claims or causes of action arising out of this Agreement.  Both Parties agree to submit to the jurisdiction of the Court of Common Pleas of Chester County, Pennsylvania, and to the Federal District Court for the Eastern District of Pennsylvania, and to bring suit or other proceeding only and exclusively in such courts.  Both Parties waive any claims or defense based on venue or improper venue or on any theory, such as "forum non conveniens" which would suggest that a suit or proceeding be brought in another jurisdiction or in another venue.  Both Parties waive trial by jury in any action, complaint, suit or proceeding.

The rules of construction construing the terms hereof against the draftsman shall not apply. The Parties agree that there is no adequate remedy at law for a violation of Section 7 hereof by David McKee and that Buyers and the Company may bring an action in equity to seek an injunction for such a violation as well as for monetary damages Buyers and the Company may suffer, provided, however, such monetary damages shall be limited to amounts already paid to David McKee under Section 7 hereof.

17. Ciardi's Resignation.  At Closing Ciardi will resign as a director of the Company.

18. David McKee as an Unsecured Creditor.  David McKee is a member of the pool of unsecured creditors of the Company. The Company owes this group approximately $180,000, of which approximately $120,000 is owed to David McKee. At Closing Buyers will purchase from David McKee his claim for the sum of $32,436. Upon purchase Buyers will cancel the obligation. David McKee will execute a release to the Company acknowledging payment in full of his claim as an unsecured creditor of the Company.

19. <u>Breakup Fee.</u>  Recognizing that to carry out the provisions of this Agreement, Buyers will spend significant time and expense, Sellers hereby agree that so long as this Agreement remains in full force and effect, they will not negotiate or conduct any discussions with any person or entity other than Buyers with respect to the matters covered by this Agreement. If the Sellers do not fulfill their obligations under this Agreement, Sellers shall pay Buyers, on demand, the sum of $100,000 as liquidated damages and not as a penalty.

20. <u>Additional Agreements and sums owed McKees.</u>

    a. The Company agrees that at Closing it will pay the McKees cash in the amount of $5,000 for any Xcor Manufacturing, LLC equipment in its possession, or previously in its possession and used to settle an outstanding invoice with Van Horn Rigging. This includes, but is not limited to the Clarke Propane Forklift.

 21) <u>Amendment to Letter of Intent.</u>  The Letter of Intent incorrectly identifies RBG, LLC as the entity controlled by Robert McKee. The Parties, the Company, and Robert McKee agree that the correct name of the entity controlled by Robert McKee, which was a signatory to the Letter of Intent, is RB & G Products, LLC.

22. <u>Due Authority; Binding Agreement.</u>  Each Party represents and warrants that the execution and delivery of this Agreement by such Party and the performance by such Party of their obligations hereunder constitutes a valid and binding obligation of such Party, enforceable against such party in accordance with its terms.

23. <u>Binding Nature; Assignment.</u> This Agreement shall be binding on the Parties, their heirs, successors and assigns.  A Party may not assign their rights under this Agreement.

24. <u>Entire Agreement; Amendments.</u> This Agreement, including the Exhibits, constitutes the entire agreement between the Parties with respect to the subject matter hereof.  This Agreement supersedes all prior agreements, representations, warranties, promises, covenants, commitments or undertakings, whether written or oral with respect to the subject matter contained in this Agreement.  No change, waiver or discharge hereof shall be valid unless in writing and signed by all Parties to this Agreement.

25. <u>Counterparts.</u>  This Agreement may be executed in several counterparts, all of which taken together shall constitute one agreement between the Parties. Any Party's signature may be by facsimile

26. <u>Notices.</u> All notices to be given under this Agreement shall be in writing and be deemed duly given (i) when delivered by hand, (ii) one business day after being given to a nationally recognized express courier with a reliable system for

tracking and delivery, (iii) six (6) days after mailing said notice by certified mail, return receipt requested or (iv) when sent by a confirmed facsimile with a copy sent by another means specified in this paragraph.  Notices shall be addressed to each of the Parties at the address listed below:

       Buyers:       Paul DeJuliis
                      c/o Expanko Cork Company, Inc.
                      1129 West Lincoln Highway
                      Coatesville, PA 19320
                      Telecopy: 610-380-0302

     With a copy to:

                      Rosetta Packer, Esq.
                      McCarter & English, LLP
                      1735 Market Street, Suite 700
                      Philadelphia, PA  19103

EXECUTION COPY

<u>Sellers:</u>   <u>David and Judith McKee</u>

<u>Telecopy:</u>

<u>With a copy to:</u>

> <u>James B. Urie, Esq</u>
> <u>MacElree Harvey, Ltd.</u>
> <u>17 West Miner Street</u>
> <u>West Chester, PA 19381</u>
> <u>Telecopy: 610-429-4486</u>
>
> <u>Albert A. Ciardi, III</u>
> <u>Ciardi & Ciardi</u>
> <u>One Commerce Square</u>
> <u>Suite 2020</u>
> <u>Philadelphia, PA 19103</u>

A Party may from time to time change their address by giving the other Parties prior written notice in accordance with a method of giving notice set forth herein.

27. <u>Headings.</u> The section headings used herein are for reference and convenience only and shall not enter into the interpretation hereof.

[signatures on following page]

- 8 -

EXECUTION COPY

IN WITNESS WHEREOF, the Parties have caused this Agreement to be executed as of the date first above written.

BUYERS

_____
Paul DeJuliis

_____
Charles Wilson

_____
Randall Gillespie

Jul-12-2007  06:31pm   From-MacElree Harvey                    610-429-4486        7-731  P.011/012  F-849

EXECUTION COPY

[signature page of Sellers David McKee and Judith McKee]

SELLERS

_David S. McKee_     7/12/07
David McKee

_Judith McKee_    7/12/07
Judith McKee

- 10 -

EXECUTION COPY

[signature page of Seller Albert C. Ciardi, III]

_____
Albert A. Ciardi, III

EXECUTION COPY

[signature page of Robert McKee, RB & G Products, LLC and
Expanko Cork Company, Inc. ]

For the purposes of accepting the provisions of Paragraphs 9, 11, 12, 15 and 21:

_____
Robert McKee

For the purposes of accepting the provisions of Paragraphs 9, 11, 12, and 21:
RB & G Products, LLC

By: _____

For the purposes of accepting the provisions of Paragraphs 7, 8, 9, 11, 12, 14, 16, 18, 20, and 21:

EXPANKO CORK COMPANY, INC.

By: _____

- 12 -

EXECUTION COPY

[signature page of Robert McKee, RB & G Products, LLC and
Expanko Cork Company, Inc. ]

For the purposes of accepting the provisions of Paragraphs 9, 11, 12, 15 and 21:

_____

Robert McKee

For the purposes of accepting the provisions of Paragraphs 9, 11, 12, and 21:
RB & G Products, LLC

By: _____

For the purposes of accepting the provisions of Paragraphs 7, 8, 9, 11, 12, 14, 16, 18, 20, and 21:

EXPANKO CORK COMPANY, INC.

By: _____

- 12 -

EXECUTION COPY

## SCHEDULE 1

### Stock Ownership

1. David McKee -        43,170 Shares of Common Stock

2. Judith McKee -       Zero Shares of Common Stock

3. Albert A. Ciardi, III -   2,500 Shares of Common Stock

EXECUTION COPY

# EXHIBIT A

Significant contracts, to the best of Sellers knowledge, to which the Company is a
party as of January 24, 2007

Amorim Industrial Solutions
Specialty Freight Services, Inc.
Aries International, Inc.
Sugherificio Michele Lacu
New Penn
Arbor Material Handling, Inc.
Richard T. Byrnes Co., Inc.
A. Duie Pyle, Inc.
Toshiba Business Solution
Uline
GE Capital
Greentree Transportation Company
Spherion
Advanced Adhesive Tech, Inc.
United Parcel Service
Maillie, Falconiero & Company
Hercules, Inc.
Emo Trans
Con-Way Transportation Services, Inc.
Star Label Products
Roadway Express, Inc.
Trout Ebersole & Groff
MacElree Harvey, Ltd.
Federal Express Corporation
Philadelphia Floor Store, Inc.
United Parcel Service
CDN Graphics
Aries International, Inc.
Sovereign Bank
Northeast Verizon Wireless
Citibank USA, N.A.

FTB Funding, Inc.
Pennsylvania Department of Revenue
Independence Blue Cross
Keystone Health Plan East
Key Equipment Finance
Ultimate Systems
Aqualon Company
Delta Tech
Dominion Sample, Ltd.
Mayer, Shanzer & Mayer, PC
McKee-Wagner Tenancy
Ram Industries
Reed Business Information
UPS Supply Chain Solutions
ABF Freight Systems, Inc.
Airborne Brokerage Services
Akin, Gump, Strauss, Hauer & Feld
Amco Tool Div./Color Caulk, Inc.
American Express
AT&T
Atlantic Gasket
Atrion Communications Resources
ATX Telecommunication Service
Beacon Container Corporation
Beacon Technologies, Inc.
Belmont and Crystal Springs
BFI
Brenntag Northeast
Brian Kenny
Brock Contract Services
Carl Dilatush
CTCO
David Cipalla
David E. McKee
Degussa Building Systems, Inc.
DHL Worldwide Express
Donegal Companies
Epix Internet Services
Estes Express Lines
Exact Software North America
Exhibits, Inc.
Grainger
Harleysville National Bank
Home Depot CRC
Imaginus Designs
Jevic

Kraft Chemical Company
L&R Shipping Supply, Inc.
Lancaster Newspaper, Inc.
Lin-Gas, Inc.
Maryland Cork Company, Inc.
Modern Handling Equipment Co.
MT&T Credit Services, LLC
Niehaus Home Center
Padco Incorporated
PBCC
Penn Valley Chemical Company
Pitney Bowes Purchase Power
Professional Testing Lab
R&L Carriers, Inc.
Ram Industries
Ramsa
Reed Business Information
Rob E. McKee
Rubenstein's
St. Paul Travelers
Staples
Steve Blocker
Surbeck Waterjet Company
The LLB Group
Toshiba America Information Systems
Uline
Ultimate Systems
Verizon Wireless
Walter & Jackson, Inc.
Watkins Trucking
Win Energy Remc
Ciardi & Ciardi, P.C.
Summa Capital Corporation

This Exhibit A was prepared by Seller based upon limited information the Sellers and Sellers' attorneys have in their possession. Sellers were not permitted to review the books and records of the Company in preparing this document to confirm the completeness, accuracy or validity of the contracts listed herein.

# EXHIBIT "B"

Dec 20 07 12:04p

p.2
p.1



December 17, 2007

Mr. David McKee
1660 Moose Point Road
Bozeman, MT. 59715

RE: Covenant Not to Compete

Dear Dave:

I am writing to give you notice that Expanko will not be making the payment for your non-compete which is otherwise due December 22nd. We have reason to believe that you have secretly violated the agreement through your involvement with Corticeira Robinson or a related or successor entity ('Robinson'), historically one of Expanko's major and important suppliers. As you know, paragraph 7 of the July 16, 2007 Stock Purchase Agreement required you not to compete against Expanko on a "global" basis for three (3) years. In consideration for this covenant which was entered into in connection with the sale of all of the common stock of Expanko, the buyers agreed to cause Expanko to pay you the sum of $100,000 annually during the said three year period. Payments were to be monthly in the amount of $8,333.33 each commencing one month after closing was completed on our purchase of the stock.

The applicable portion of Paragraph 7 states:

> "Not Compete" shall mean that the McKees covenant and agree that during the Term, they shall not, directly or indirectly, for themselves, individually or collectively, or on behalf of any other person, firm, corporation or other entity, whether as **principal,** agent, employee, **stockholder,** partner, **officer,** member, director, sole proprietor, or otherwise, **finance or provide financing for,** engage in, **participate in or assist in any business whose activities are competitive with the activities of the Company anywhere in the world.** Further the McKees covenant and agree that during the Term, they shall not, directly or indirectly, for themselves, individually or collectively, or on behalf of any other person, firm, corporation

 **Expanko**
www.expanko.com

or other entity, whether as **principal**, agent, employee, **stockholder**, partner, officer, member, director, sole proprietor, or otherwise:

> (i)    Solicit the trade of or trade with, or otherwise **do business with** or interfere with the Company's relations with, any customer or prospective customer or **strategic business partner of the Company**;

> (ii)    Solicit or induce, or attempt to solicit or induce, any employee of the Company to leave the Company for any reason whatsoever or hire any employee of the Company;

> (iii)    Make any disparaging remarks about the Company's business, products, services or personnel; or

> (iv)    Take any action that might divert from the Company any business or opportunity that would be within the scope of any present or contemplated future business of the Company.

As we understand it, your involvement with Robinson clearly fits within the broad definition of "Non-Compete" that we negotiated for with you and your counsel and which was critical to our purchase of Expanko. At the time of the sale you were well aware that Robinson has had an historical relationship as a chief supplier and strategic business partner of Expanko. The covenant not to compete was designed expressly to prevent you from having this type of investment. The Agreement specifically states that you were to be paid separate consideration for the non-compete so that you would stay out of the tile floor business entirely with no further entanglements, and allow Expanko to operate with no interference from you in any way.

We believe that your significant stockholder position in Robinson has been and is intended to be detrimental to Expanko. Your investment and involvement in Robinson without Expanko's knowledge and consent is an unequivocal and intentional violation of your continuing responsibilities to it. Expanko refuses to pay for a non-compete that you have apparently entered into fraudulently and we intend to seek recovery of the $25,000 already paid plus additional damages.

In addition to Expanko's withholding of payments your actions have also jeopardized your wife's health insurance coverage which must be paid only as part of the non-compete payment. We will nonetheless

 **Expanko**

www.expanko.com

continue that coverage and provide you with an invoice for the continuing cost, unless you instruct us to cancel her coverage, providing you prepay us for that coverage including a $25.00 per month handling charge. To have her health coverage continue for January you must remit $655.07 ($630.07 + 25.00) plus reimburse us $2,677.80 (@ $630.07 per month) for the 4.25 prior months' coverage by December 28, 2007.


Very Truly Yours,


Paul DeJuliis
CEO

## VERIFICATION

I, David McKee, am a plaintiff in this matter and I am represented by counsel. I have furnished factual information to my counsel upon which the foregoing Complaint/Civil Action is based. To the extent that the foregoing Complaint/Civil Action is based on the factual information provided to counsel, I verify that those facts are true and correct to the best of my knowledge, information and belief. However, the language of the Complaint/Civil Action is that of counsel and, to the extent that the foregoing pleading goes beyond the factual information which I have provided to counsel, I have relied upon counsel in making this verification.

I understand that false statements herein are made subject to the penalties of 18 Pa. C.S. §4904, relating to unsworn falsification to authorities.

Date: _1/24/08_                              _____
                                              David McKee

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID McKEE and JUDITH McKEE<br><br>                Plaintiffs,<br>    v.<br><br>PAUL DeJULIIS, CHARLES WILSON,<br>RANDALL GILLESPIE, and EXPANKO<br>CORK COMPANY, INC.<br><br>                Defendants. | Civil Action No. |

## CERTIFICATE OF SERVICE

I, Scott M. Rothman, hereby certify that I served a true and correct copy of the

Notice of Removal in the above-captioned action by first class U.S. Mail, postage

prepaid, on the following:

Nancy J. Glidden, Esquire
Unruh, Turner, Burke & Frees, P.C.
P.O. Box 515
West Chester, PA 19381-0515

Prothonotary's Office
Chester County Court of Common Pleas
2 N. High Street, Suite 130
P.O. Box 2748
West Chester, PA 19380

Date: 2|12|08

Scott M. Rothman