IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID McKEE and JUDITH McKEE<br><br>PLAINTIFFS,<br><br>vs.<br><br>PAUL DEJULIIS, CHARLES WILSON, RANDALL GILLESPIE, AND EXPANKO CORK COMPANY, INC.<br><br>DEFENDANTS. | CIVIL ACTION NO.<br><br>08-CV-00740-JP |

## PLAINTIFFS' MOTION TO ENFORCE SETTLEMENT

COME NOW, the Plaintiffs, David and Judith McKee (the "McKees") and for their Motion to Enforce Settlement state:

1. This is a commercial dispute involving a covenant not to compete contained in a Stock Purchase Agreement executed by the parties. Pursuant to the Agreement, the Defendants were obliged to make monthly non-compete payments to the McKees. The Defendants ceased making the payments because they alleged that David McKee violated the covenant.

2. When the covenant payments ceased, the McKees filed suit for breach of contract.

3. From the inception of the action through settlement, all four Defendants have been represented by Charles V. Curley, Esquire of the firm of Halberstadt Curley.

4. The McKees have been represented by Donald C. Turner, Esquire and Nancy J. Glidden, Esquire of the firm of Unruh Turner Burke & Frees.

5.  During the Rule 26 conference with the Court, the feasibility of referring the matter to a magistrate for a settlement conference was discussed. Thereafter, the parties agreed that a settlement conference would be beneficial and so advised the Court. The matter was then referred to Magistrate Judge Rueter, who scheduled a settlement conference for September 9, 2008.

6.  In advance of the settlement conference Ms. Glidden learned that Paul DeJuliis would be attending the conference along with Mr. Curley. It is undisputed that upon learning this, and in advance of the settlement conference, Ms. Glidden inquired of Mr. Curley whether he, and Paul DeJuliis, had settlement authority for all of the Defendants; Mr. Curley advised that he did.

7.  The settlement conference was held before Magistrate Judge Reuter on September 9, 2008. Mr. Curley and Mr. DeJuliis attended on behalf of the Defendants. Mr. Turner and Mr. McKee attended on behalf of the Plaintiffs. The settlement conference was successful, and settlement terms were agreed to.

8.  Following the settlement conference a Settlement Agreement was drafted and the parties exchanged signature pages. Ms. Glidden sent the signature pages executed by the McKees to Mr. Curley. Mr. Curley sent signature pages executed by Paul DeJuliis, Randall Gillespie and Expanko to Ms. Glidden, and he advised that the signature page had been sent to Mr. Wilson, and that it would be forwarded under separate cover.

9.  When Mr. Wilson's signature page was not forthcoming, Ms. Glidden followed up with Mr. Curley and learned that Mr. Wilson was in a dispute with Mr. DeJuliis and Mr. Gillespie, that he had retained new counsel, and that he was refusing to

sign the Settlement Agreement. Mr. Wilson had taken the position that Mr. Curley did not have the authority to enter into the Settlement on his behalf.

10. Mr. Wilson's new counsel is George C. Zumbano, Esquire of the firm of Gawthrop Greenwood.

11. In an attempt to resolve the dispute over Mr. Wilson's refusal to execute the Settlement Agreement, a conference was convened with Magistrate Judge Rueter. All counsel participated. During the conference Mr. Curley maintained that he had authority to enter into the Settlement on Mr. Wilson's behalf. The conference concluded with Mr. Curley and Mr. Zumbano agreeing to confer in an effort to resolve the issue.

12. The Court thereafter issued an Order dated December 5, 2008, which provided a date certain by which the matter needed to be resolved or further proceedings commenced. On December 15, 2008, with regard to the status of Mr. Wilson's signature, Mr. Curley advised the Court by letter in relevant part:

> [T]he defendants have made considerable progress on resolving the issue. Charles Wilson's personal counsel, George Zumbano, has just notified me that Mr. Wilson has agreed to sign the settlement agreement as part of a settlement of an unrelated matter.

Mr. Curley further stated that additional time was needed to draft the papers in the unrelated settlement, and he sought and received a two week extension of the Court's December 5, 2008, Order. Mr. Curley concluded that, "[i]t is anticipated that in the interim, Charles Wilson will be executing the settlement agreement and the Motion (*ie.* to enforce settlement) will not be necessary." A copy of Mr. Curley's letter is attached hereto as Exhibit "A."

13. By email dated December 23, 2008, transmitted to Ms. Glidden and Mr. Curley, Mr. Zumbano wrote in relevant part:

> My client, Charles Wilson, will be signing the Settlement Agreement in conjunction with Gillespie and DeJuliis agreeing to indemnify Wilson. We are awaiting the indemnification and when received I will pdf to all a copy of the signature page, signed by Chuck... I hope to have this done in next business day or two.

A copy of Mr. Zumbano's email is attached hereto as Exhibit "B."

14. When Mr. Wilson's signature page was not received, Ms. Glidden followed up with Mr. Zumbano by telephone. During the course of the conversation it became clear that Mr. Wilson's dispute with Mr. DeJuliis and Mr. Gillespie was continuing and unresolved and he was therefore refusing to sign the Settlement Agreement.

15. With no assurance as to when Mr. Wilson's business dispute will be resolved, and more importantly, because there is absolutely no linkage between Mr. Wilson's business dispute and his obligation to sign the Settlement Agreement, it has become necessary to seek the Court's intervention.

16. Mr. Curley represented to counsel that he had authority to settle for all Defendants, the same representation was made by Mr. Curley to Magistrate Judge Rueter during the settlement conference, and Mr. Curley continues to maintain that he had settlement authority, yet Mr. Wilson persists in his refusal to sign the Settlement Agreement.

17. In further support of this Motion a Memorandum of Law is submitted.

WHEREFORE, the Plaintiffs, David and Judith McKee, pray the Court will grant this Motion to Enforce Settlement, and Order the Defendant, Charles Wilson, to execute

the Settlement Agreement by a near date certain to be designated by the Court. Plaintiffs also seek counsel fees as provided for in the Settlement Agreement and will make separate application for the award of said fees.

David and Judith McKee, Plaintiffs

Date: 1/8/09

By: _____
Nancy J. Glidden, Esquire
UNRUH, TURNER, BURKE & FREES, P.C.
P.O. Box 515
West Chester, PA 19381-0515
610.692.1371
nglidden@utbf.com

# EXHIBIT "A"



# HALBERSTADT CURLEY
ATTORNEYS AT LAW

*Via facsimile only*

December 15, 2008

Honorable Jan E. Dubois
United States District Court for
The Eastern District of Pennsylvania
Independence Mall West
601 Market Street
Philadelphia, PA 19106

Re:   McKee v. DeJuliis, *et al.*
      Civil Action No. 2:08-cv-00740-JP

Dear Judge Dubois:

This is to follow up on the Court's Order of December 5, 2008, which contained specific directions to the parties on the outstanding issue of Charles Wilson's signature on the settlement agreement.

Since the Court's Order was issued, the defendants have made considerable progress on resolving the issue. Charles Wilson's personal counsel, George Zumbano, has just notified me that Mr. Wilson has agreed to sign the settlement agreement as part of the settlement of an unrelated matter. I have just conveyed this information to plaintiffs' counsel, Nancy Glidden. Because it will take some time for the defendants to draft the papers in the unrelated settlement, on behalf of all of the parties, I am requesting a two week extension of the filing deadline for the Motion to Enforce Settlement. It is anticipated that in the interim, Charles Wilson will be executing the settlement agreement and the Motion will not be necessary.

Thank you for Your Honor's attention to this matter. The parties await confirmation from the Court that an extension has been granted.

Respectfully yours,

HALBERSTADT CURLEY LLC

By: _____
    Charles V. Curley

HALBERSTADT CURLEY LLC
1100 E. HECTOR STREET
SUITE 425
CONSHOHOCKEN, PA 19428
TEL. 610.834.8819
FAX 610.834.8813
WWW.HALCUR.COM

CVC/me

cc: Donald C. Turner, Esquire
    Nancy J. Glidden, Esquire
    George Zumbano, Esquire

# EXHIBIT "B"

# Nancy Glidden

| | |
|---|---|
| From: | George C. Zumbano [ZUMBANO@gawthrop.com] |
| Sent: | Tuesday, December 23, 2008 4:53 PM |
| To: | CCurley@halcur.com; Nancy Glidden |
| Cc: | Chuck Wilson; Samuel Morris |
| Subject: | Expanko and McKee |

Chuck/Nancy

My client, Charles Wilson, will be signing the Settlement Agreement in conjucntion with Gillespie and DeJuliis agreeing to indemnify Wilson. We are awaiting the indemnifcation and when received I will pdf to all a copy of the signature page, signed by Chuck. Who should get the page itself, if anyone. I will also need a complete copy of the signed Settlement Agreement. I hope to have this done in next business day or two. We are closing for week tomorrow at noon.

Have a great holiday!

George C. Zumbano
Gawthrop Greenwood, PC
17 East Gay Street
West Chester, PA 19380
Telephone:            610-696-8225
Facsimile:            610-696-7111
E-mail:               zumbano@gawthrop.com
WE ARE ON THE WEB AT: www.gawthrop.com
*************************************PRIVACY NOTICE*********************************

This e-mail message is for the sole use of the intended recipient(s). Any unauthorized review, use, disclosure or distribution is prohibited. The contents of this e-mail are confidential and subject to the attorney-client and work product privileges. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.

When replying, please virus-check all attachments to prevent contamination and corruption of files and operating systems.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID McKEE and JUDITH McKEE : | |
| PLAINTIFFS, : | |
| vs. : | CIVIL ACTION NO. |
| PAUL DEJULIIS, CHARLES WILSON, : RANDALL GILLESPIE, AND EXPANKO CORK COMPANY, INC. : | 08-CV-00740 |
| DEFENDANTS. : | |

## CERTIFICATE OF SERVICE

I, Nancy J. Glidden, certify that on January 8, 2009, a copy of the Motion to Enforce Settlement was served by First Class Mail, with proper postage prepaid, and by E-Mail upon:

Charles V. Curley, Esquire
Halberstadt Curley LLC
1100 E. Hector Street, Suite 425
Conshohocken, PA 19428

George C. Zumbano, Esquire
Gawthrop Greenwood PC
17 East Gay Street
West Chester, PA 19380

_____
Nancy J. Glidden, Esquire
UNRUH, TURNER, BURKE & FREES, P.C.
P.O. Box 515
West Chester, PA 19381-0515
610.692.1371
nglidden@utbf.com