## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID McKEE and JUDITH McKEE<br><br>                    Plaintiffs,<br><br>          v.<br><br>PAUL DeJULIIS, CHARLES WILSON,<br>RANDALL GILLESPIE, and EXPANKO CORK<br>COMPANY, INC.<br><br>                    Defendants. | Docket No. 2:08-cv-00740-JP |

### ORDER

AND NOW, this _____ day of _____, 2009, upon

consideration of Plaintiffs' Motion to Enforce Settlement, and Defendants' Response

thereto, it is hereby ordered that the Motion is DENIED as moot.


                              BY THE COURT:


                              _____
                                                        J.

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DAVID McKEE and JUDITH McKEE<br><br>                    Plaintiffs,<br>     v.<br><br>PAUL DeJULIIS, CHARLES WILSON,<br>RANDALL GILLESPIE, and EXPANKO CORK<br>COMPANY, INC.<br><br>                   Defendants. | Docket No. 2:08-cv-00740-JP |

**ORDER**

AND NOW, this _____ day of _____, 2009, upon

consideration of Plaintiffs' Motion to Enforce Settlement, and Defendants' Response

thereto, it is hereby ordered that the Motion is GRANTED as to Defendant Charles

Wilson only.

BY THE COURT:

_____
                                      J.

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DAVID McKEE and JUDITH McKEE<br><br>                    Plaintiffs,<br><br>        v.<br><br>PAUL DeJULIIS, CHARLES WILSON,<br>RANDALL GILLESPIE, and EXPANKO CORK<br>COMPANY, INC.<br><br>                    Defendants. | Docket No. 2:08-cv-00740-JP |

**RESPONSE OF DEFENDANTS PAUL DEJULIIS, RANDALL GILLESPIE, AND**
**EXPANKO CORK COMPANY, INC. TO PLAINTIFFS'**
**MOTION TO ENFORCE SETTLEMENT**

1.       Admitted.

2.       Admitted.

3.       Admitted.

4.       Admitted.

5.       Admitted.

6.       Admitted.  By way of further answer, prior to attending the conference,

Charles V. Curley wrote to the individual defendants to advise of the conference.  Mr.

Curley offered that any of the defendants should call if they wished to discuss the matter.

Defendant Charles Wilson contacted Mr. Curley and the two discussed the settlement

strategy at length.  On the day before the conference, Mr. Wilson contacted Mr. Curley

again for another discussion on the settlement topic.  At no time did Mr. Wilson ever

indicate that Mr. Curley did not have his authority to negotiate a settlement of the

dispute.

7.      Admitted.

8.      Admitted.

9.      Admitted.  By way of further answer, Mr. Wilson had retained George Zumbano, Esquire to represent him in a dispute with his former shareholders long before Judge Rueter's settlement conference.  Indeed, Mr. Curley later learned that while Mr. Wilson was discussing the settlement strategy he had already retained Mr. Zumbano.  For reasons still not clear Mr. Wilson did not have Mr. Zumbano call Mr. Curley and Mr. Wilson did not have Mr. Zumbano attend the settlement conference.

10.     Admitted.  By way of further answer, as set forth above, Mr. Wilson retained Mr. Zumbano long before the settlement conference in this case.

11.     Admitted.

12.     Admitted.

13.     Admitted.

14.     Admitted in part; denied in part.   Answering defendants are without sufficient information to admit or deny the allegations of this paragraph regarding Ms. Glidden's conversation with Mr. Zumbano.  It is admitted that Mr. Wilson was refusing to comply (again) with his second agreement to sign the Settlement Agreement.

15.     Admitted in part; denied in part.  It is admitted that there should be no linkage between the Wilson dispute and his obligation to sign the Settlement Agreement that he authorized Mr. Curley to negotiate.  The remaining allegations are denied.

16.     Admitted.

17.     Admitted.

WHEREFORE, Defendants Paul De Juliis, Randall Gillespie, and Expanko Cork Company, Inc. respectfully request that this Court deny the Motion to Enforce Settlement as moot, or in the alternative, deny the Motion to Enforce Settlement to the extent that it seeks attorneys' fees from Defendants Paul DeJuliis, Randall Gillespie, and Expanko Cork Company, Inc., and award attorneys' fees of $2,000 to Defendants Paul DeJuliis, Randall Gillespie, and Expanko Cork Company, Inc. for expenses incurred in obtaining Defendant Charles Wilson's signature on the Settlement Agreement, and grant such other relief as this Court deems necessary.

HALBERSTADT CURLEY LLC

By: /s/ Kelle A. Kilgarriff
    Charles V. Curley
    Kelle A. Kilgarriff
    1100 East Hector Street
    Suite 425
Date: January 28, 2009    Conshohocken, PA 19428
    610.834.8819(ph)
    610.834.8813(fax)

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID McKEE and JUDITH McKEE<br><br>               Plaintiffs,<br><br>    v.<br><br>PAUL DeJULIIS, CHARLES WILSON,<br>RANDALL GILLESPIE, and EXPANKO<br>CORK COMPANY, INC.<br><br>               Defendants. | Civil Action No.  08-CV-740 |

## EXPANKO DEFENDANTS' RESPONSE TO PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO ENFORCE SETTLEMENT

Defendants Paul DeJuliis, Randall Gillespie and Expanko Cork Company, Inc. (the "Expanko Defendants") hereby respond to Plaintiffs' Motion to Enforce Settlement. Plaintiffs filed this motion with the narrow purpose of enforcing the Settlement Agreement as to one of the defendants, Charles Wilson ("Wilson"). The Motion to Enforce Settlement successfully compelled Wilson to do the right thing and sign the Settlement Agreement. Regrettably, this matter has now reached the Court for the sole purpose of determining if Plaintiffs should be awarded counsel fees.  If this Court is inclined to award counsel fees, Wilson alone should be liable, as the Expanko Defendants had no part in the delayed execution of the Settlement Agreement.

## I.      FACTS

The underlying case involved a dispute over a covenant not to compete.  Plaintiff David McKee, former owner of Expanko Cork Company, Inc., entered into several agreements under which he agreed to sell the company to the individual defendants, Paul DeJuliis, Randall Gillespie and Charles Wilson.  The Stock Purchase Agreement was the

1

final agreement establishing the obligations of the parties. Under the Stock Purchase Agreement, David McKee agreed not to compete with the company on a global basis for three years.  In exchange, the individual defendants agreed to cause Expanko Cork Company, Inc. to maintain Judith McKee's health insurance and to make monthly payments of $8,333.00 to David McKee during those three years.  The deal closed in August, and the company paid the non-compete payments in September, October and November.

After learning that David McKee breached the covenant not to compete, the Expanko Defendants advised David McKee of his breach and ceased the non-compete payments. Nonetheless, the Expanko Defendants agreed to maintain Judith McKee's health insurance, provided that the McKees covered the cost. Thereafter, the McKees filed a suit alleging breach of the Stock Purchase Agreement, and the Expanko Defendants asserted affirmative defenses and counterclaims.  The parties agreed to refer the matter to Magistrate Judge Thomas Reuter for a settlement conference, scheduled for September 9, 2008.

Prior to the settlement conference, counsel for the Expanko Defendants, Charles V. Curley, contacted the individual defendants to ensure that he had authority to engage in settlement negotiations on behalf of each of them. A copy of the November 5, 2008 letter detailing the steps which Mr. Curley took is attached hereto as Exhibit "A." Mr. Curley even suggested that the individuals be separately represented. *Id.* Wilson contacted Mr. Curley to discuss the litigation and settlement on two separate occasions. Just prior to the settlement conference, Wilson "fully consented to [Mr. Curley's] continued representation and permitted Expanko's President Paul DeJuliis to appear and

bind the company and the individuals to a settlement." *Id.*   After these discussions, Mr. Curley represented each of the defendants at the settlement conference.

During the conference before Judge Reuter, the parties reached a settlement agreement, which was later reduced to writing.   Wilson, like the other individual defendants, was asked to sign the Settlement Agreement.   The individual defendants were to personally execute the Settlement Agreement, just as they had personally signed the original Stock Purchase Agreement containing the non-compete provision (the alleged breach of which led to this litigation).   Gillespie and DeJuliis, personally and on behalf of Expanko, executed the settlement agreement soon after it was drafted.   Wilson alone refused to sign the Settlement Agreement.

When Wilson's signature was not forthcoming, Mr. Curley contacted Magistrate Judge Reuter for assistance in finalizing the Settlement Agreement. Mr. Curley explained he and Wilson spoke "immediately after the conference and [Wilson] never once indicated any reservation or objection to the agreement." *Id.* It was several weeks after the settlement conference (due to an unrelated dispute between Wilson, DeJuliis, and Gillespie) before Wilson, through his own personal counsel, advised that he would not sign the Settlement Agreement. *Id.*   Judge Reuter granted an extension of time for the parties to resolve the matter.

By a letter dated December 8, 2008, Mr. Curley informed Wilson's new counsel that Plaintiffs likely would file a petition to enforce settlement.   A true and correct copy of the correspondence reflecting same is attached hereto as Exhibit "B."   Mr. Curley further advised that in the event that such a petition was filed, the defendants would seek

"to hold Mr. Wilson responsible for any order requiring payment to Plaintiffs or their counsel." *Id.*

On December 15, 2008, Mr. Curley advised the Court that through his personal counsel, Wilson had "agreed to sign the Settlement Agreement as part of a settlement of an unrelated matter." *See* Exhibit "A" to Plaintiffs' Motion to Enforce Settlement. To break the impasse, DeJuliis and Gillespie provided Wilson with a letter of indemnification. In return, Wilson's counsel advised that Wilson would sign the settlement agreement – thus averting the need for Plaintiffs to file a motion to enforce settlement. *See* Exhibit "B" to Plaintiffs' Motion to Enforce Settlement. Wilson's new counsel stated, "[m]y client, Charles Wilson, will be signing the Settlement Agreement in conjunction with Gillespie and DeJuliis agreeing to indemnify Wilson." *Id.*

Despite this representation, Wilson *again* delayed in signing the settlement agreement.  It was not until after Plaintiffs filed a Motion to Enforce (and after requiring all parties to incur more attorney time and expense) that Wilson signed the Settlement Agreement.  A true and correct copy of the signature page is attached hereto as Exhibit "C." Although the substantive aspect of Plaintiffs' Motion to Enforce Settlement has been rendered moot by Wilson's signature, the Plaintiffs now seek to recover counsel fees from defendants.

## II.     ARGUMENT

The parties all agree that a settlement agreement was reached – and that the documentation now has been signed.  The only issue that remains is whether Wilson gave Mr. Curley express authority to enter into a settlement agreement.  Wilson was aware of the settlement conference, discussed settlement strategy with Mr. Curley, and *chose* to

allow Mr. Curley to represent him at the settlement conference.  It is clear that Wilson withheld the fact that he was represented by alternative counsel, and used this Settlement Agreement as leverage to exact a better outcome in a wholly separate dispute between himself, DeJuliis and Gillespie.  As Wilson's actions were the sole cause of the delay in executing the settlement agreement, the Expanko Defendants should not be liable for any counsel fees incurred by Plaintiffs.

Wilson gave Mr. Curley the express authority to enter into a settlement agreement.  It is well settled Pennsylvania law that an attorney may bind his client to a settlement agreement when the client grants the attorney express authority. *Reutzel v. Douglas*, 870 A.2d 787, 793 (Pa. 2005). "Express authority empowers an attorney to settle a client's claim; it does not arise merely from the fact of representation, but must be the result of explicit instructions regarding settlement." *Tiernan v. Devoe*, 923 F.2d 1024, 1033 (3d Cir. 1991) (citations omitted). Here, Mr. Curley contacted all three individual defendants to ensure that he had the express authority to enter into a settlement agreement for each of them.  *See* Exhibit A.  Wilson contacted Mr. Curley on two separate occasions prior to the settlement conference to discuss the proposed settlement strategy. *Id.*   At no point did Wilson convey that Mr. Curley was not authorized to act for him. *Id.* In fact, he gave Mr. Curley full consent to act on his behalf, and agreed that DeJuliis could enter into an agreement for all of the defendants. *Id.*

All of the facts establish that Mr. Curley had full authority to enter into the Settlement Agreement on behalf of Wilson.  Although Wilson was represented by alternate counsel at the time of the settlement conference, he voluntarily *chose* not to attend the conference, to not have his personal counsel attend, and to allow Mr. Curley

and DeJuliis to act on his behalf.  Moreover, Wilson did not even inform Mr. Curley that he had retained personal counsel before the settlement conference.  Mr. Curley's express authority is further evidenced by the fact that, even after retaining personal counsel, Wilson did not seek to change the terms of the Settlement Agreement.  Rather, he agreed to sign the document after obtaining his desired result on an unrelated issue.

As set forth more fully above, Wilson's actions were nothing more than a delay tactic to extract a more favorable agreement from the Expanko shareholders on another, unrelated matter.  It was solely Wilson's actions and delay tactics that caused Plaintiffs to incur any counsel fees; the Expanko Defendants executed the Settlement Agreement almost immediately. Wilson wrongly used his refusal to sign the Settlement Agreement to resolve a separate dispute with the Expanko shareholders.

If this Court is inclined to grant Plaintiffs' request for counsel fees then the order should be clear that Wilson alone is responsible for the fees, as he caused the wasteful ordeal first by his refusal to sign the Agreement and then again, after DeJuliis and Gillespie agreed to indemnify him. As this need for this Motion and Response was solely caused by Wilson, the Expanko Defendants request attorney's fees in the amount of $2,000 for Wilson's obdurate conduct during the course of the last three months.

## III.    CONCLUSION

In light of the foregoing, Defendants Paul DeJuliis, Randall Gillespie, and Expanko Cork Company, Inc. respectfully request that this Honorable Court deny the Motion to Enforce Settlement to the extent that it seeks to recover attorneys' fees in bringing the motion, or in the alternative, to require only Defendant Charles Wilson to

pay the Plaintiffs' attorneys' fees associated with enforcing settlement, as it was Defendant Wilson's actions alone that required the motion.

Respectfully submitted,

HALBERSTADT CURLEY LLC

By:  /s/Kelle A. Kilgarriff
      Charles V. Curley
      Kelle A. Kilgarriff
      1100 East Hector Street
      Suite 425
Date: January 28, 2009      Conshohocken, PA 19428
      610.834.8819(ph)
      610.834.8813(fax)

# Exhibit A

PENNSYLVANIA • NEW JERSEY

# HALBERSTADT CURLEY
ATTORNEYS AT LAW

November 5, 2008

*Via facsimile*
Honorable Thomas J. Rueter
Judge, United States District Court
  for the Eastern District of Pennsylvania
11614 United States Courthouse
601 Market Street
Philadelphia, PA 19106

**Re:    McKee et al v. DeJuliis et al**
**        USDC EDPA – No. 08-cv-740**

Dear Judge Rueter:

This is to request Your Honor's assistance with securing individual defendant Charles Wilson's signature on the final settlement agreement in this matter. As you may recall, the undersigned appeared at the September 9, 2008 conference as counsel of record for the corporate defendant as well as the three individual defendants. With the Court's guidance we were able to arrive at compromise and then left to draft and sign a Settlement Agreement reflecting the deal. After some continued negotiation counsel arrived at an agreeable document that was circulated for signature. All parties have signed the document with the exception of Mr. Wilson. After weeks of requesting his cooperation, Mr. Wilson's separate counsel, George Zumbano asserted that Mr. Wilson would not sign.

What Your Honor is unaware of is that prior to the conference I wrote to each of the individual defendants to ensure that each was "on board" with the settlement strategy and to offer that they be separately represented. Mr. Wilson called me after receiving the letter and we discussed the litigation at some length. In fact, just about a week before the conference Mr. Wilson called me again to discuss the strategy and he fully consented to my continued representation and permitted Expanko's President Paul DeJuliis to appear and bind the company and the individuals to a settlement.

Now, in what can only be described as a stunt to gain some leverage in a dispute among Mr. Wilson and his fellow shareholders in Expanko, Mr. Wilson has indicated that he will

HALBERSTADT CURLEY LLC
1100 E. HECTOR STREET
SUITE 425
CONSHOHOCKEN, PA 19428
TEL. 610.834.8819
FAX 610.834.8813
WWW.HALCUR.COM

Honorable Thomas J. Rueter
November 5, 2008
Page 2 of 2

not sign the agreement.  Judge Dubois has recently entered an order demanding some explanation and status as to the execution and dismissal of the case by November 20, 2008.

I am prepared to engage in a conference and/or provide testimony if necessary to establish that I had _full_ authority from all of my clients prior to engaging in the conference before the Court.  Indeed, as Mr. Wilson is well aware we discussed the settlement result immediately after the conference and he never once indicated any reservation or objection to the agreement. I regret taking up the Court's time with this matter but there appears to be little else that can be done.  Thank you for your attention to this matter.

Respectfully yours,

HALBERSTADT CURLEY, LLC

By:

Charles V. Curley

CVC/me

cc:    Donald C. Turner, Esquire
       Nancy J. Glidden, Esquire
       George Zumbano, Esquire

3890

```
*  *  *  COMMUNICATION RESULT REPORT ( NOV. 5.2008  3:45PM )  *  *  *
```

```
                                        FAX HEADER 1:  Halberstadt Curley LLC
                                        FAX HEADER 2:
```

```
TRANSMITTED/STORED : NOV. 5.2008  3:41PM
FILE MODE            OPTION          ADDRESS              RESULT      PAGE
------------------------------------------------------------------------------
6540 MEMORY TX                       G3 :2155802392        OK         3/3
                                     G3 :6109181361        OK         3/3
                                     G3 :    610 344 0922  OK         3/3
------------------------------------------------------------------------------
        REASON FOR ERROR
        E-1) HANG UP OR LINE FAIL            E-2) BUSY
        E-3) NO ANSWER                       E-4) NO FACSIMILE CONNECTION
        E-5) MAIL SIZE OVER
```

PENNSYLVANIA • NEW JERSEY

HALBERSTADT CURLEY LLC
1100 E. HECTOR STREET
SUITE 425
CONSHOHOCKEN, PA 19428
TEL. 610.834.8819
FAX 610.834.8813
WWW.HALCUR.COM

# HALBERSTADT CURLEY
ATTORNEYS AT LAW

## FACSIMILE TRANSMITTAL SHEET

| | |
|---|---|
| **TO:** Honorable Thomas J. Rueter<br>Donald C. Turner, Esquire<br>Nancy J. Glidden, Esquire<br>George Zumbano, Esquire | **FROM:** Charles V. Curley, Esquire |
| **COMPANY:** U.S. District Court for the Eastern District of Pennsylvania<br>Unruh, Turner, Burke & Frees, P.C. | **DATE:** November 5, 2008 |
| **FAX NUMBER:** 215 580 2392<br>610 918 1361<br>610 344 0922 | **TOTAL NO. OF PAGES INCLUDING COVER:** 2 |
| **PHONE NUMBER:** | **SENDER'S REFERENCE NUMBER:** |
| **RE:** McKee v. DeJuliis, et al | **YOUR REFERENCE NUMBER:** |

☐ URGENT   ☐ FOR REVIEW   ☐ PLEASE COMMENT   ☐ PLEASE REPLY   ☐ PLEASE RECYCLE

NOTES/COMMENTS:

The information contained in this facsimile is intended only for the person named above and is privileged and confidential. If you are not the intended recipient, please contact us to make arrangements for the return of this facsimile at our expense. You are hereby notified that any unauthorized use, publication, distribution or copying of this facsimile or the information contained herein is prohibited and may result in adverse legal consequences.

# Exhibit B



PENNSYLVANIA • NEW JERSEY

# HALBERSTADT CURLEY
ATTORNEYS AT LAW

December 8, 2008

George C. Zumbano, Esquire
Gawthrop Greenwood, PC
17 E. Gay Street, Suite 100
P.O. Box 562
West Chester, PA 19381

**Re:**    **McKee v. DeJuliis,** *et al.*
        **Civil Action No. 2:08-cv-00740**

Dear Mr. Zumbano:

This is to follow up on our failed efforts to reach a resolution on Chuck Wilson's refusal
to execute the Settlement Agreement in the above referenced matter. At this point it
appears likely that the Plaintiffs will file a petition to enforce the agreement which will
probably trigger a hearing. The Plaintiffs have already indicated that they intend to
request attorney's fees for any cost incurred in enforcement and the Court appears to be
willing to entertain such a request.

We reiterate our position that any sanction can be avoided by our previous offer to allow
Mr. Wilson to sign without waiving any of his arguments against Defendants or my
office. While it is not a final solution it would definitely end Plaintiffs involvement and
thereby eliminate any threat of a sanction. Defendants intend to hold Mr. Wilson
responsible for any order requiring payment to Plaintiffs or their counsel. Thank you for
your attention to this matter.

Very truly yours,

**HALBERSTADT CURLEY LLC**

By:_____
         Charles V. Curley

CVC/me

HALBERSTADT CURLEY LLC
1100 E. HECTOR STREET
SUITE 425
CONSHOHOCKEN, PA 19428
TEL. 610.834.8819
FAX 610.834.8813
WWW.HALCUR.COM

# Exhibit C

14. This Agreement may be executed and delivered in facsimile form, as well as executed in two or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.

15. The obligations of the Defendants shall be joint and several.

_____          _____
WITNESS:                                     DAVID McKEE


_____          _____
WITNESS:                                     JUDITH McKEE


_____          _____
WITNESS:                                     PAUL DeJULIIS


_____          _____
WITNESS:                                     CHARLES WILSON


_____          _____
WITNESS:                                     RANDALL GILLESPIE


                                             EXPANKO CORK COMPANY, INC.


_____          By: _____
WITNESS:

14

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID McKEE and JUDITH McKEE<br>                    Plaintiffs,<br><br>         v.<br><br>PAUL DeJULIIS, CHARLES WILSON,<br>RANDALL GILLESPIE, and EXPANKO CORK<br>COMPANY, INC.<br><br>                    Defendants. | Docket No. 2:08-cv-00740-JP |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing Response to Motion to Enforce Settlement and

Brief in Support of Response were filed electronically and are available for viewing and

downloading from the ECF system.  In accordance with the Electronic Case Filing

Procedures adopted by the Eastern District of Pennsylvania, on January 28, 2009, the

following counsel has been served electronically through the ECF system:

Nancy J. Glidden, Esquire
Unruh, Turner, Burke & Frees, P.C.
P.O. Box 515
West Chester, PA 19381-05

The following counsel was served via first class mail, postage prepaid:

George C. Zumbano, Esquire
Gawthrop Greenwood & Halsted
17 East Gay Street, Suite 100
P.O. Box 562
West Chester, PA 19381-0562

HALBERSTADT CURLEY, LLC

By: /s/ Kelle A. Kilgarriff
        Kelle A. Kilgarriff

Dated: January 28, 2009